IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| THERON GERBER, | Case No. 3:24-cv-01786-AB |
| Plaintiff, | |
| v. | OPINION AND ORDER ON MOTION TO REMAND |
| THE KROGER CO., an Ohio Corporation, and FRED MEYER, INC., a Delaware corporation, | |
| Defendants. | |

**BAGGIO, District Judge:**

## I. INTRODUCTION

On September 10, 2024, Plaintiff filed an action in Multnomah County Circuit Court against Defendants Kroger Co. and Fred Meyer, Inc.[1] alleging personal injury and negligence in violation of Oregon law. "Notice of Removal", (ECF 1), Ex. A. Defendants removed the case to federal court based on diversity jurisdiction. *Id.* at 2, ¶ 4. Plaintiff moves[2] to remand on the grounds that Fred Meyer, Inc. has not met its burden of proving that its "nerve center" is in Ohio, not Oregon. "Mot. to Remand", (ECF 4), 4.

---

[1] Fred Meyer, Inc. is a separate entity from Fred Meyer Stores, Inc. "Roberts Decl.", (ECF 6-1), ¶ 13.

[2] Because the Court does not find that oral argument would aid in its determination, Plaintiff's request for oral argument is denied, and the Court decides this case based on the record and the briefing.

1 – OPINION AND ORDER

## II. LEGAL STANDARD

A corporation is a citizen of the state in which it is incorporated and of the state where it has its principal place of business. 28 U.S.C § 1332(c)(1). To determine a corporation's principal place of business for purposes of diversity jurisdiction, courts apply the "nerve center" test—"the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). A court should examine where a company's high-level officers conduct its business, not where its high-level officers reside. *See 3123 SMB LLC v. Horn*, 880 F.3d 461, 469 (9th Cir. 2018) (applying *Hertz* to determine the nerve center of a holding company). Diversity jurisdiction "depends upon the state of things at the time of the action brought." *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004) (quoting *Mollan v. Torrance*, 22 U.S. (9 Wheat.) 537, 539 (1824)).

"The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it." *Hertz*, 559 U.S. at 96. The filing of a form that lists a corporation's principal place of business without more is insufficient "proof to establish a corporation's 'nerve center.'" *Id.* Instead, the party asserting diversity jurisdiction must establish the place of the company's "actual direction, control, and coordination . . . ." *Id.* at 97.

## III. DISCUSSION

Plaintiff is correct that the bare assertion in the removal notice that Ohio is Fred Meyer Inc.'s principal place of business, which is supported only by a filing with the Oregon secretary of state, fails to meet Defendants' burden of persuasion for establishing diversity jurisdiction. *See Hertz*, 559 U.S. at 96. But the Court finds that Defendants meet their burden of persuasion in their opposition to the remand motion. *See generally* "Resp. to Pl.'s Mot. to Remand", (ECF 6). Specifically, in her declaration supporting Defendants' opposition, Dorothy Roberts, a paralegal

employed by Kroger, explains that Fred Meyer, Inc. is a division of Kroger and that over the past several years Kroger has centralized "key aspects of decision-making" in Ohio. Roberts Decl., ¶ 7–8. As part of this effort, Kroger, which everyone agrees is headquartered in Ohio, handles many key corporate functions instead of leaving them at the division level. *Id.* at 9. Roberts's declaration also explains that "a plurality of Fred Meyer, Inc. executives work out of Ohio," and that all key decisions for Fred Meyer, Inc. are handled "outside of Oregon." *Id.* ¶¶ 17–18.

Plaintiff counters that internet postings, including the LinkedIn profile of high-level Fred Meyer Inc. executives and job postings, show that Oregon is Fred Meyer Inc.'s nerve center, but binding precedent instructs that this evidence cannot establish the center of Fred Meyer Inc.'s "overall direction, control, and coordination." *See Hertz Corp.*, 559 U.S. at 96 (recognizing that the bulk of a company's public activities could occur in one state while its top officers direct its operations in another). It is true, as Plaintiff's evidence shows, that Kroger has made some conflicting statements. A Kroger press release related to collective bargaining states that "Portland is the headquarters for the Fred Meyer division, Fred Meyer Jewelers, and Kroger General Merchandise." "Weingart Decl.", (ECF 5-14). But this press release is not enough to show that the *overall* direction, control, and coordination for Fred Meyer, Inc. is in Oregon. *See Hertz Corp.*, 559 U.S. at 93 (a company's nerve center is normally its headquarters so long as headquarters "is the actual center of direction, control, and coordination"). And Defendants offer evidence that Fred Meyer, Inc. does not negotiate labor contracts for any distribution centers or retail stores. Roberts Decl., ¶ 21.

Plaintiff also relies on prior pleadings and decisions of this Court to establish that Fred Meyer Inc.'s principal place of business is in Oregon, not Ohio. What is relevant for diversity jurisdiction, however, are the circumstances at the time Plaintiff filed the action, which is

3 – OPINION AND ORDER

September 2024. *See Grupo Dataflux*, 541 U.S. at 570. Here, Defendants have produced evidence that establishes that Kroger has engaged in a long process of centralizing the operations of its divisions, which include Fred Meyer, Inc., and the record evidence at the time of this lawsuit shows Fred Meyer, Inc.'s nerve center to be in Ohio. Roberts Decl., ¶¶ 8–10, 18–21.

Based on the record and the briefing, the Court finds that Fred Meyer has met its burden of persuasion to show that Fred Meyer's high-level officers "direct, control, and coordinate the corporation's activities" in Ohio, not Oregon. *Hertz Corp.*, 559 U.S. at 80. Accordingly, there is complete diversity and remand is not appropriate.

## IV. CONCLUSION

Plaintiff's Motion for Remand, (ECF 4), is DENIED. Within fourteen days of the date that this Opinion and Order is filed, the parties are directed to file a joint Rule 26(f) report that includes a mutually agreed upon proposed discovery plan, and mutually agreed upon proposed pretrial and trial dates. If the parties cannot mutually agree upon a proposed discovery plan or proposed pretrial and trial dates, the parties should include a brief explanation of their disagreement. Any proposed trial dates should be within 18 months of the date that this case was removed to federal court. The Court will set a Rule 16 conference in due course.

IT IS SO ORDERED.

DATED this 5th day of February 2025.

*Amy M. Baggio*
_____
AMY M. BAGGIO
United States District Judge

4 – OPINION AND ORDER